UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN KENNEDY,<br><br>                            Petitioner,<br>     v.<br><br>WARDEN BACA et. al.,<br><br>                            Respondents. | Case No. 3:14-cv-00493-MMD-WGC<br><br>ORDER |

    Petitioner has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 9) and a supplement (dkt. no. 16). The Court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the Court should not dismiss this action for a failure to exhaust the available remedies in state court.

    This action concerns prison disciplinary proceedings. According to documents attached to the supplement, on July 19, 2012, petitioner was charged with possession or sale of intoxicants. Petitioner pleaded guilty to the charge. On August 7, 2012, petitioner was referred for a forfeiture of credits toward an earlier release from prison. On October 3, 2012, petitioner forfeited 365 days of credits. Ground 1 of the amended petition alleges that he was not informed of this forfeiture until around the beginning of 2014, in violation of the Due Process Clause of the Fourteenth Amendment. Ground 2 of the amended petition alleges that petitioner's sanction violates the Equal Protection Clause of the Fourteenth Amendment because of its severity compared to sanctions for other prison disciplinary violations.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

On its face, this action is completely unexhausted. Petitioner alleges in the amended petition (dkt. no. 9) that he was pursuing the prison grievance procedure at the time that he commenced this action. In the supplement filed recently (dkt. no. 16), petitioner notes that the grievance procedure has concluded. Before petitioner can proceed in federal court, he must pursue in the state courts a post-conviction habeas corpus petition pursuant to Chapter 34 of the Nevada Revised Statutes. It is uncertain whether petitioner has filed a post-conviction petition in state court after the conclusion of his grievance procedure. However, it is certain that petitioner has not presented these claims to the Nevada Supreme Court. This Court has examined the on-line docket of the Nevada Supreme Court, and no appeal involving petitioner has commenced after his credits were forfeited. Petitioner will need to show cause why the Court should not dismiss this action for the failure to exhaust his state-court remedies.

Petitioner has submitted a motion for court to issue order. (Dkt. no. 15.) The motion is made moot by this order.

Petitioner has submitted a motion entitled "Motion for Amended 207.010 Habitual Criminals, definitions." (Dkt. no. 11.) Respondents have responded with a motion to strike. (Dkt. no. 13.) The Court agrees with respondents. Petitioner was adjudicated as a habitual criminal when he was convicted and sentenced, but his status as a habitual criminal, and any amendments to the statute that defines habitual criminality, NRS § 207.010, are not relevant to the claims presented in the amended petition (dkt. no. 9). The Court grants the motion to strike (dkt. no. 13).

///

Petitioner has submitted a motion for appointment of counsel. (Dkt. no. 7.) Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt,* 718 F.2d at 954. After reviewing the petition, the Court concludes that appointment of counsel is not warranted.

It is therefore ordered that petitioner's motion for court to issue order (dkt. no. 15) is denied as moot.

It is further ordered that respondents' motion to strike (dkt. no. 13) is granted. The Clerk of the Court shall strike petitioner's "Motion for Amended 207.010 Habitual Criminals, definitions" (dkt. no. 11).

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 7) is denied.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action for the failure to exhaust available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 9th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE